UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES BRINTLEY,

      Plaintiff,                                          Case No. 2:24-cv-10075

v.                                                     Honorable Susan K. DeClercq
                                                         United States District Judge

RYAN KENSINGER et al.,

      Defendants.

_____/

**ORDER DISMISSING CASE FOR FAILURE TO PROSECUTE**

On February 7, 2024, Defendants filed a motion to dismiss Plaintiffs' complaint. ECF No. 6. Plaintiff failed to file a timely response and, to date, more than two months later, has still not done so. So, on April 11, 2024, this Court directed Plaintiff to show cause why his complaint should be dismissed for failure to prosecute and placed him on notice that "failure to respond will result in dismissal for failure to prosecute under Civil Rule 41(b)." ECF No. 7 at PageID.59. Plaintiff's deadline was April 18, 2024, but he has not responded to that Order either.

After making certain findings under Civil Rule 41(b), "[t]his Court may dismiss a complaint *sua sponte* for failure to prosecute." *United States v. Wallace*, 592 F. Supp. 3d 612, 614 (E.D. Mich. 2021) (citing *Link v. Wabash R.R.*, 370 U.S. 626, 630–32 (1962)); *see also* E.D. Mich. LR 41.2 ("[W]hen it appears . . . that the parties have taken no action for a reasonable time, the court may, on its own motion

after reasonable notice or on application of a party, enter an order dismissing or remanding the case unless good cause is shown."). Four factors govern such a dismissal. *See Carpenter v. City of Flint*, 723 F.3d 700, 704 (6th Cir. 2013) (citation omitted).

Here, the four factors weigh in favor of dismissing the case *sua sponte*. The reason for Plaintiff's failure is not known, so the first factor is neutral. But Defendants are prejudiced by Plaintiff's abandonment of his case, Plaintiff was warned about the potential consequences of his inaction, and a sanction short of dismissal would not be appropriate in this matter because Plaintiff has not responded even once since his case was removed here—despite being represented by counsel. *See United States v. Wallace*, 592 F. Supp. 3d 612, 614 (E.D. Mich. 2021) (first citing *Bullard v. Roadway Exp.*, 3 F. App'x 418, 421 (6th Cir. 2001) (per curiam) (unpublished); and then citing *Morley v. Comm'r of Soc. Sec.*, No. 4:12-CV-14653, 2013 WL 2051326, at *1 (E.D. Mich. May 14, 2013)). The three factors favoring dismissal outweigh the one neutral factor, so the case will be dismissed.

Accordingly, it is **ORDERED** that the above-captioned case is **DISMISSED** under Civil Rule 41(b) for failure to prosecute.

Dated: 4/23/2024                          /s/Susan K. DeClercq  
                                                   SUSAN K. DeCLERCQ  
                                                   United States District Judge